AGOSTINO CIPRIANO AND ROSE CIPRIANO, PLAINTIFFS,
v. JOSEPH CASALLA, DEFENDANT.

Argued May term, 1925—Decided October term, 1925.

Negligence—Motor Vehicle Injury to Pedestrian—Not Contribu-
tory Negligence Per Se to Walk in the Roadway Instead of
On the Sidewalk—Defendant Swerved to Wrong Side of Road,
Hitting Plaintiff—In Such Case It is Not Error to Charge
That There Was No Evidence of Contributory Negligence.

On rule to show cause.

Before Justices PARKER, MINTURN and BLACK.

For the plaintiffs, *John J. Breslin, Jr.,* and *William H. J.
Ely.*

For the defendant, *Abraham I. Fellman.*

PER CURIAM.

This action was tried before the court and a jury in the
Bergen Circuit, and judgment was rendered for plaintiff Rose
Cipriano for $2,500 and for Agostino Cipriano for $500.

The action was brought by husband and wife for injuries
to the wife, alleged to have been caused by defendant's negli-
gence in operation of his automobile.

The plaintiff wife was walking with two companions in a
westerly direction, on the right-hand side in the roadway of
a bridge in Lyndhurst, at seven A. M., on her way to work.
The bridge was two hundred and fifty feet long and fifty feet
wide, and on either side thereof was a sidewalk for the use of
pedestrians. The defendant was crossing the bridge, on his
right side, in an easterly or opposite direction. His car sud-
denly swerved to the left, to the wrong side of the road,
struck the plaintiff, and then swerved back to the right,
crashing into the side of the bridge.

The defendant testified that he looked back to see what was coming, and his wheel went to the left; that in an effort to avoid hitting plaintiff he quickly swung to the right, but not in time to prevent the accident.

The first reason for the rule is error in the court's charge that there was no evidence of contributory negligence. Ordinarily, the mere walking in the roadway, instead of on the sidewalk, is not contributory negligence *per se*. 12 *Ann. Cas.* 1018, and cases; *Lynch* v. *Public Service Railway Co.,* 82 *N. J. L.* 712. The question, ordinarily, is one of fact for submission to the jury, but in the instant case it was taken from that category, by the fact that the defendant suddenly came from the right side of the road, and, taking the wrong side, struck the plaintiff. His presence on the wrong side of the road was something the plaintiff was not legally bound to anticipate, and her presence on the street, therefore, as against the defendant's wrongful act, created no issue of fact for the consideration of the jury. Proximate cause and contributory negligence are questions, ordinarily, for the jury, but where facts are undisputed and susceptible of but one inference, the question then becomes one of law for the court. *Mayor, &c., Baltimore* v. *Ferio,* 128 *Atl. Rep. (Md.)* 353.

The next reason urged is that the amount awarded to the husband ($500) was excessive. The wife's injuries consisted of an oblique fracture of tibia of right leg, which left a three-quarter-inch shortening of the leg. She was confined in hospital in splints for two weeks, and had a cast on at home for three weeks. There was evidence that she would be unable to do heavy housework, such as washing or scrubbing, for three or four years.

The husband's expenditures to the date of trial were $262. The doctor and hospital bills were $37 and the domestic help $225.

We think the case presented a jury question, and that the damages, in view of the extent of the injuries, cannot be said to be excessive in law. The rule will be discharged.